UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:16-CR-528-AGF-PLC ) |
| ZACHARY SMITH, | ) ) |
| Defendant. | ) |

**MOTION TO RECONSIDER BOND**

COMES NOW Defendant, by and through his attorney, John P. Rogers, and hereby requests that this Honorable Court reconsider allowing him a bond on the above-styled cause. In support of this motion, Defendant asserts the following:

1. Defendant is charged with conspiracy to commit kidnapping.

2. On December 16, 2016, Defendant waived his right to a detention hearing.

3. Since that date, events have transpired giving cause for Defendant to reconsider his waiver of the detention hearing and setting of a bond.

4. Assistant U.S. Attorney John T. Davis has no objection to the Court's reconsideration of Defendant's bond.

5. The Bail Reform Act ("the Act") preserves the preference for release of the accused pending trial.  *See generally, United States v. Salerno*, 481 U.S. 739 (1987).   Liberty is the norm under the Act, detention the carefully limited exception.  *See id*. at 755.   As the Eighth Circuit has noted:

> The passage of the pretrial detention provision of the 1984 Act did not...signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about a '*small but identifiable group of particularly dangerous defendants* as to whom neither the

imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.'

*United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (quoting S. Rep. No. 225, 95th Cong., 1st Sess. 6-7 *reprinted* in 1984 Code Cong. & Ad.News at 3189) (emphasis added).

6. Consistent with the intent of Congress, the Act encourages release of the accused pending trial provided some condition or combination of conditions can *reasonably assure* the appearance of the accused at trial and the safety of the community or any other person. *See id.* at 890-91 (emphasis added). To further this end, the Act provides a "wide range of restrictions." *Id*. at 891. Doubts regarding the propriety of release should be resolved in favor of the accused. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

7. 18 U.S.C. 3142(f)(2)(B) provides, in relevant part, that:

The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

*Id*. *See also U.S. v. Alonso*, 832 F.Supp. 503 (D.Puerto Rico 1993) (reopening of pretrial detention determination may be requested in order for court to consider additional evidence that was not previously available relevant to determination of defendant's risk of flight or danger to community).

8. Reopening the detention hearing and reconsideration of the detention order is appropriate here, given Defendant's reconsideration of his prior waiver and that the Government does not object to this request.

WHEREFORE, Defendant requests that this Court enter an order allowing him a bond for his pre-trial release.

        Respectfully submitted,

        ROGERS, SEVASTIANOS & BANTE, LLP

By:    /S/ John P. Rogers
        JOHN P. ROGERS, #38743MO
        Attorney for Defendant
        120 S. Central Avenue, Suite 160
        Clayton, Missouri 63105
        (314) 354-8484
        (314) 354-8271 Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4: 4:16-CR-528-AGF-PLC |
| | ) |
| ZACHARY SMITH, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2017, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following to Assistant United States Attorney John T. Davis:

**Motion to Reconsider Bond**

Respectfully submitted,

ROGERS, SEVASTIANOS & BANTE, LLP

By:    /S/ John P. Rogers
JOHN P. ROGERS, #38743MO
Attorney for Defendant
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
(314) 354-8271 Facsimile